IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

| RPM DYNAMICS, INC., | § | |
|---|---|---|
| Plaintiff, | § § § | |
| v. | § | Civil Action No: 6:24-cv-00016 |
| BLACK DIAMOND ENDEAVORS, LLC, | § § § | |
| Defendant. | § | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

COMES NOW, Plaintiff RPM Dynamics, Inc. ("RPM" and/or "Plaintiff") to file its Original Complaint against Black Diamond Endeavors, LLC ("BDE" and/or "Defendant") and, in support of same, would respectfully show the Court as follows:

## I.
## PARTIES

1. Plaintiff RPM is an Arizona corporation with a principal place of business at 4215 E McDowell Rd, Ste 201, Mesa, AZ 85215. RPM is a citizen of the State of Arizona and is registered to do business in Texas with the Texas Secretary of State.

2. Defendant BDE is a Texas limited liability company. As set forth below, BDE is a citizen of the State of Texas. It has previously been served with process but has not yet filed an answer. To the extent any additional service is required, it may be served with this Amended Complaint by serving its registered agent: Michael L. Nix, 4774 N. Chadbourne St., San Angelo, TX 76908.

## II.
## JURISDICTION AND VENUE

3. Jurisdiction is proper in this Court because (a) there is complete diversity of

citizenship between the parties both at the time the cause of action accrued and at the time of the filing of this lawsuit, and (b) the amount of controversy exceeds seventy-five thousand dollars ($75,000).

4. Plaintiff RPM, an Arizona corporation, is a citizen of the State of Arizona. It is both incorporated in Arizona and has its principal place of business in Arizona.

5. Defendant Black Diamond Endeavors, LLC is a Texas limited liability company organized under the laws of the State of Texas. Its principal place of business according to the office of the Texas Secretary of State (the "TxSOS") is in San Angelo, Texas.

6. In order to determine the citizenship of the Defendant (as determined by the citizenship of all its members), Plaintiff has (1) reviewed the publicly available information related to BDE including the information filed with the TxSOS, (2) conducted an internet search on BDE and its publicly listed members, (3) reviewed the publicly available information related to Backhaul.com LLC, a member of BDE, including the information filed with the Georgia Secretary of State, and (4) made inquiries as to the citizenship of the members of Defendant (orally and in writing) with Defendant's counsel of record in *Aqua Terra Permian LLC v. Kolton Linthicum, Black Diamond Endeavors, LLC, et al.*; Cause No. A230398C in the 51st Judicial District Court, Tom Green County, Texas (the "State Court Lawsuit"), a currently active lawsuit filed in Tom Green County, Texas, against Defendant (and others).

7. In particular, the TxSOS identified the following four (4) managing members of Defendant: (1) Backhaul.com LLC, a Georgia limited liability company, 2835 Glaston Way, Alpharetta Georgia 30004, (2) Kolton Kurtis Linthicum, 302 Kennedy Drive, San Angelo, Texas 76905 ( a residence), (3) Chad Sparks, 9803 Runion Rd. San Angelo, Texas 76905 (a residence), and (4) Lane Linthicum, 4774 N Chadbourne St. San Angelo, TX 76903 (the Defendant's address).

No other members of the Defendant are identified in any TxSOS filing, or other public filing Plaintiff could find. There were no indications that the Defendant and/or any <u>individual</u> members identified above lived somewhere other than Texas or are citizens of any State but the State of Texas. There was no indication the Defendant and/or the individual members of Defendant are citizens of Arizona (the Plaintiff's citizenship). (See TxSOS documents attached as **Exhibit A** to the Declaration of Walter Herring, attached hereto as **Exhibit 1** (the "Herring Declaration")).

8. Plaintiff performed an internet search on the Defendant (including the Lexis/Nexis search attached as **Exhibit B** to the Herring Declaration). There were no indications that the Defendant and/or the individual members identified above live somewhere other than the Texas addresses previously provided or are citizens of any State but the State of Texas. Plaintiff notes that the Lexis/Nexis search did appear to identify two additional members of BDE—Arthur Linthicum and Dalton Linthicum. There was no indication the Defendant (and/or any of the identified individual members of Defendant) are citizens of Arizona (the Plaintiff's citizenship).

9. Plaintiff's internet search of the individual LLC members listed in paragraph 7 and 8 above (including LinkedIn, Facebook and other accessible social media sites) indicated all individuals live in/reside in Texas (in and around San Angelo). There were no indications that the individual members identified above live somewhere other than the Texas residences noted above or are citizens of any State but the State of Texas. There was no indication the individual members of Defendant are citizens of Arizona (the Plaintiff's citizenship).

10. Plaintiff also investigated the members of Defendant's managing member Backhaul.com LLC (the Georgia LLC) ("Backhaul"). Unfortunately, the Georgia Secretary of State filings for Backhaul do not identify/provide the names for <u>any</u> member of Backhaul (even managing members). See Georgia Secretary of State documents attached as **Exhibit C** to the

Herring Declaration. Plaintiff even reached out in writing to the Georgia Secretary of State on the issue and received a written reply that ownership information "is maintained by the entity, if members or managers are not listed in the articles, the information is maintained by the entity." (See **Exhibit D** to the Herring Declaration). All information provided by the Georgia Secretary of State indicated Backhaul is organized under the laws of Georgia and has its principal office in Georgia (no other State's addresses or connections were identified). There was no indication Backhaul is a citizen of Arizona (the Plaintiff's citizenship)

11. Plaintiff also performed an internet search for Backhaul including a Lexis/Nexis search and general name search. See **Exhibit E** to the Herring Declaration. No members were identified through those efforts. Nothing indicated Backhaul is a citizen of any State other than Georgia. There was no indication Backhaul was a citizen of Arizona (the Plaintiff's citizenship).

12. To confirm its research/understanding that the Defendant is a citizen of Texas and/or Georgia (as a result of the Georgia LLC) and is not a citizen of Arizona, Plaintiff reached out to counsel for Defendant in the State Court Lawsuit (both orally and in writing) to inquire about the citizenship of all members of Defendant and all members of Backhaul (Plaintiff specifically noted it was making the inquiry through counsel to confirm the citizenship of the members of both entities and avoid unnecessary cost and expense to the parties and the Court). <u>On April 11, 2024, counsel for Defendant in the State Court Lawsuit confirmed that all members of the Defendant are Texas citizens.</u>  See **Exhibit F** to the Herring Declaration.

13. Based on its investigation noted in paragraphs 6-12 above, Plaintiff believes that there is complete diversity (both at the time the cause of action accrued and the time of the filing of this lawsuit) between Plaintiff (a citizen of Arizona) and Defendant (a citizen of Texas/not a citizen of Arizona), including/taking into account the citizenship of the individual members of

Defendant (who are citizens of Texas) and the identified LLC member of Defendant (Backhaul) who is a citizen of Texas/not a citizen of Arizona.

14. To the extent the Court believes complete diversity of citizenship between the Plaintiff (an Arizona citizen) and the Defendant (a citizen of Texas) has not been established by the investigation/pleading above, Plaintiff requests leave/moves to be allowed to (a) conduct discovery of Defendant limited specifically to Defendant's citizenship, and (b) amend its pleading based on that discovery before any dismissal of the case for jurisdictional purposes. Such discovery is proper and has been allowed in "LLC diversity" cases. See, e.g. *Dougherty Funding, LLC v. Gateway Ethanol, LLC*, No. 08-XC-2213-JWL, 2008 WL 2354965 (D. Kan. June 5, 2008) and *BRT Management LLC v. Malden Storage LLC*, 68 F. 4th (1st Cir. 2023). District courts have the authority to allow discovery in order to determine whether jurisdiction exists. See *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99 (3d Cir. 2015)

15. Venue is proper in the Northern District of Texas/San Angelo Division because the events/acts forming the basis of Plaintiff's claims occurred in Tom Green County, Texas and Defendant is located in San Angelo, Texas.

## III.
## FACTUAL BACKGROUND

16. RPM conducts mining operations in West Texas that supply fracking sand and other mined material to the oil and gas industry.

17. BDE entered into agreements with RPM wherein RPM agreed to conduct mining operations on property owned or leased by BDE pursuant to agreed to terms, pricing and conditions for payment of the mining services/operations provided.

18. BDE used the fracking sand and other materials mined by RPM and provided to BDE pursuant to those agreements (the "Mined Products") in BDE's oil and gas business ventures.

19. RPM fulfilled its duties/obligations under those agreements and provided the services/operations and Mined Products to BDE.

20. Unfortunately, BDE has failed to pay RPM for the services/product provided. While some minimal payments have been made to RPM by BDE, the amount still owed by BDE to RPM exceeds $3.7 Million.

## IV.
## CAUSES OF ACTION

**A.** **Breach of Contract**

21. Paragraphs 16 through 20 above are incorporated herein by reference.

22. BDE and RPM entered into agreements (the "RPM Contracts") wherein BDE agreed to pay RPM for Mined Products/services provided to BDE by RPM.

23. RPM provided the Mined Products/services to BDE pursuant to the RPM Contracts.

24. BDE has failed to pay RPM pursuant to the RPM Contracts in an amount that exceeds $3.7 million.

25. All conditions precedent to bring this breach of contract claim have been met/occurred.

26. Pursuant to Tex. Civ. Prac. & Rem. Code Chapter 38, RPM is also entitled to the recovery of its reasonable attorney's fees and expenses incurred in pursuing this breach of contract claim.

**B.** **Unjust Enrichment**

27. Paragraphs 16 through 20 above are incorporated by reference.

28. RPM expended considerable effort, resources and expenses (including, without limitation, equipment purchases/use, transportation costs, employee salaries, etc.) to provide the Mined Products/services to BDE.

29. BDE benefited from those efforts and RPM expected to be paid for those efforts.

30. As a result, RPM is entitled to recover just compensation from BDE for its labor/material costs/expenses under a cause of action for Unjust Enrichment.

C. **Promissory Estoppel**

31. Paragraphs 16 through 20 above are incorporated by reference.

32. BDE explicitly and implicitly agreed/promised to pay/reimburse RPM for the Mined Products/services provided to BDE by RPM.

33. It was foreseeable by BDE that RPM would rely on BDE's promises to pay/reimburse RPM for the Mined Products/services provided to BDE by RPM.

34. RPM reasonably relied on BDE's promises to pay/reimburse RPM to RPM's detriment.

35. Injustice can be avoided only by enforcement of BDE's promises to RPM.

36. As a result, RPM is entitled to recover just compensation from BDE for its labor/material costs/expenses under a cause of action for Promissory Estoppel.

D. **Quantum Meruit**

37. Paragraphs 16 through 20 above are incorporated by reference.

38. RPM provided valuable services and material to BDE.

39. BDE readily accepted and benefited from those services and material with the clear understanding that RPM expected to be fully compensated for providing those services and material.

40. As a result, RPM is entitled to recover from BDE just compensation due for the services and material provided under Quantum Meruit.

## V.
## ATTORNEY'S FEES

41. Paragraphs 16 through 20 above are incorporated herein by reference.

42. RPM has found it necessary to retain the undersigned attorneys to pursue its claims outlined above. Pursuant to Chapters 37 and 38 of the TEX. CIV. PRAC. & REM. CODE, RPM is entitled to recover from BDE all reasonable and necessary attorneys' fees and expenses incurred in the prosecution of this action, as well as a conditional award of fees to be incurred with respect to any and all appeals to other courts.

## VI.
## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, RPM respectfully prays that the Court award it damages in an amount determined by the trier of fact on its breach of contract, unjust enrichment, promissory estoppel, and quantum meruit claims against BDE and award RPM its costs and reasonable and necessary attorney's fees incurred in pursuing the above causes of action and for all such other relief to which it may be justly entitled.

Respectfully submitted,

**BLACKWELL, BLACKBURN,
HERRING & SINGER, LLP**

*/s/ Walter A. Herring*
Walter A. Herring
Texas Bar No. 09535300
7557 Rambler Road, Suite 1450
Dallas, Texas 75231
Telephone: (214) 442-9602
Facsimile: (214) 442-9621
Email: wherring@bbhsllp.com

**ATTORNEY FOR PLAINTIFF**